UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID CALCATERRA,                     )
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )          Case No. 4:12CV00858 AGF
                                       )
THE ST. LOUIS METROPOLITAN            )
POLICE DEPARTMENT BOARD OF            )
POLICE COMMISSIONERS, namely          )
THE HONORABLE FRANCIS SLAY,           )
COL THOMAS IRWIN, COL. BETTYE         )
BATTLE-TURNER, COL. RICHARD H.        )
GRAY,                                  )
                                       )
and JOHN DOES I, II, and III,         )
                                       )
          Defendants.                  )

## MEMORANDUM AND ORDER

This action for damages for employment discrimination under Title VII of the

Civil Rights Act of 1964 is before the Court on the motion of Defendants the St. Louis

Board of Police Commissioners (the "Board") and its members for judgment on the

pleadings.  In his second amended complaint, Plaintiff, a St. Louis City police officer,

lists various actions by his supervisors beginning on October 20, 2010, which he claims

constitute unlawful harassment and discrimination based on age, race, gender, and

disability.

Named as Defendants are the Board and its members, who Plaintiff specifically

states are being sued in their official capacities; and three John Does, who Plaintiff states

"were officers, agents, employees, members and/or servants of the Board and of the [St.

Louis Metropolitan Police Department],” and whose identities would be uncovered through discovery.   Plaintiff claims that, “Defendants’ employment discrimination acts include but are not limited to Defendants’ failure to take corrective, curative and preventive action after being put on notice by Plaintiff that harassment was occurring based inter alia on said discriminations which surrounded same.”

The Board asserts that it is entitled to judgment on the pleadings because the complaint “has not alleged that Defendant Board or its members were personally involved in or tacitly authorized any allegedly unconstitutional act.”  Plaintiff relies on case law under 42 U.S.C. § 1983, for the proposition that for supervisory liability a plaintiff must allege and show that the supervisor personally participated in or had direct responsibility for the alleged violations or actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts.

But this is not an action under § 1983, but rather an action under Title VII.  Title VII imposes liability on an employer who engages in certain discriminatory practices, and in this case, the Board and its members are proper Defendants.  *See, e.g., Arnold v. St. Louis Metro. Police Dep’t Bd. of Police Comm’rs*,  No. 4:11-CV-1155-CDP, 2011 WL 3235722, at *1 (E.D. Mo. July 27, 2011).

“Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.”  *Faibisch v. Univ. of Minn.*, 304 F. 3d 797, 803 (8th Cir. 2002) (citation omitted).  When presented with a motion for judgment on the pleadings, a district court must “accept as true all factual allegations set out in the complaint” and “construe the complaint in the light most

favorable to the plaintiff, drawing all inferences in [his] favor." *Ashley Cnty., Ark. v. Pfizer, Inc*., 552 F.3d 659, 665 (8th Cir. 2009) (citation omitted). The standard for judgment on the pleadings is the same as that for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The Court concludes that under this standard, the Board's motion for judgment on the pleadings fails.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant the St. Louis Board of Police Commissioners and its members for judgment on the pleadings is **DENIED**. (Doc. No. 30.)


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 13th day of December, 2012.